Kenneth Francis **CHRISTIAN**, Petitioner,

v.

**JACKSON COUNTY**, Oklahoma, Respondent.

No. A–14812.

Court of Criminal Appeals of Oklahoma.

Nov. 20, 1968.

Kenneth Francis Christian, pro se.

G. T. Blankenship, Atty. Gen., H. L. Mc-Connell, Asst. Atty. Gen., for respondent.

PER CURIAM.

This is an original proceeding in which Kenneth Francis Christain has petitioned this Court for a writ of habeas corpus attacking the jurisdiction of the District Court of Jackson County, Oklahoma, to render judgment and sentence against Petitioner on December 13, 1955, for the crime of second degree burglary. Petitioner is presently incarcerated in the Auburn State Prison, Auburn, New York, under two sentences rendered by the State of New York. Apparently it is the contention of the Petitioner that the sentences rendered against him by the State of New York are illegal in that both sentences were in some part predicated upon his prior invalid conviction in Oklahoma. Petitioner alleged that his Oklahoma conviction is invalid in that he was not advised of his right to an attorney, was not represented by an attorney, was not informed of the nature of the charge filed against him, nor of the consequences of his plea, was denied a preliminary hearing, and was not informed of his right to a jury trial.

Although it is not necessary in a determination of this cause to comment on the merits of Petitioner's challenge to his Oklahoma conviction, it is noted that the records clearly indicate that Petitioner was represented by counsel at the time he entered his plea of guilty for a three year suspended sentence for the crime of second degree burglary, Case No. 1914, in the District Court of Jackson County, State of Oklahoma. It is apparent that Petitioner has already satisfied his three year sentence resulting from his Oklahoma conviction in 1955. Since Petitioner has fully satisfied the sentence on his Oklahoma conviction he is without standing to attack the jurisdiction of the Court rendering that judgment and sentence.

This Court held in Robinson v. Page, Okl.Cr., 431 P.2d 953:

"[O]ne who has completed serving a sentence rendered against him and who is not confined by virtue of said judgment and sentence, is neither entitled to an adjudication as to the validity of said judgment and sentence, nor to habeas corpus."

For the foregoing reasons the petition for writ of habeas corpus is hereby denied. Writ denied.

This application was assigned to the Referee, Mr. Penn Lerblance, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.